FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2019 OCT 30  PM 4: 59

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

UNITED STATES OF AMERICA

v.

SCOTT BALOTIN
GREG CARTER
THOMAS JONES
JOHN CLARK WALTON
DAVID STEVENS
SAM TODD
DERWIN ALLEN
PABLO ORTIZ

CASE NO.  3:19-cr- 191-J-34JBT
18 U.S.C. § 1349
42 U.S.C. § 1320a-7b(b)(1)(A)
42 U.S.C. § 1320a-7b(b)(2)(A)
18 U.S.C. § 1957

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
### (Conspiracy)

#### A. Introduction

At all times material to this Indictment:

1.     Defendant SCOTT BALOTIN was a resident of the Middle District of Florida and the President, founder, and operator of CASEPARK, LLC.   BALOTIN exercised ownership and control of accounts including CASEPARK's business bank account and his personal accounts at SunTrust Bank, including accounts ending in 3416, 7133, and 8960, a Bank of America

account ending in 9921, and exercised ownership and control of a National Financial Services LLC - USAA Brokerage Account ending in 1681.

2.     Defendant GREG CARTER was a resident of the Middle District of Florida, and the owner and operator of Park and King Pharmacy, a retail and compounding pharmacy located in the Middle District of Florida. CARTER exercised ownership and control of accounts including the following bank accounts: Center State Bank accounts ending in 4652, 8317, and 2973.

3.     Defendant THOMAS JONES was a resident of the Middle District of Florida, and a doctor and patient recruiter for CASEPARK and Park and King Pharmacy.   JONES exercised ownership and control of accounts including a Wells Fargo Bank Way2Save checking account ending in 6179.

4.     Defendant JOHN CLARK WALTON was a resident of the Middle District of Florida, and a doctor and patient recruiter for CASEPARK and Park and King Pharmacy.   WALTON exercised ownership and control of accounts including Fifth Third Bank accounts ending in 0872 and 8915.

5.     Defendant DAVID STEVENS was a resident of the Middle District of Florida and a doctor and patient recruiter for Park and King Pharmacy.   STEVENS exercised ownership and control of accounts

including Wells Fargo accounts ending in 5972 and 0257.

6.      Defendant SAM TODD was a resident of the Middle District of Florida and a doctor and patient recruiter for CASEPARK and Park and King Pharmacy.   TODD exercised ownership and control of accounts including Navy Federal Credit Union account ending in 8856, titled Medical Investor Services LLC, and a Navy Federal Credit Union personal account ending in 5708.

7.      Defendant DERWIN ALLEN was a resident of the Middle District of Florida and a doctor and patient recruiter for CASEPARK and Park and King Pharmacy.   ALLEN exercised ownership and control of accounts including a Navy Federal Credit Union account ending in 4704.

8.      Defendant PABLO ORTIZ was a resident of the Middle District of Florida and a patient recruiter for CASEPARK.   ORTIZ used the Vystar Credit Union accounts ending in 7490 and 0597, which were maintained by A.K.

9.      Co-conspirator Felmor Agatep was a medical doctor licensed in Florida who resided and practiced medicine in the Middle District of Florida, and was not a TRICARE provider.

10.      Co-conspirator Jeremiah Bezroukoff was a doctor, patient, and pharmacy recruiter for CASEPARK.

11.     Co-conspirator David Funes was a doctor and patient recruiter for CASEPARK.

12.     CASEPARK was a marketing firm located in the Middle District of Florida that employed sales representatives to market compounded medications, specifically creams for pain and scars, among others to beneficiaries of health care benefit programs.   CASEPARK exercised ownership and control of accounts including bank accounts with SunTrust Bank, including account number ending in 7133. CASEPARK operated out of a residence in Jacksonville, Florida (CASEPARK – residence), and out of a storefront location in Jacksonville, Florida (CASEPARK - Storefront).

13.     Park and King Pharmacy was a retail and compounding pharmacy that provided compounded drugs to TRICARE beneficiaries. Compounded drugs may be prescribed by a physician when an FDA-approved drug does not meet the health needs of a particular patient or when a patient cannot consume medication by traditional means. Park and King Pharmacy exercised ownership and control of accounts including bank accounts with Center State Bank, including account numbers ending in 4652 and 2973.

14.     Pharmacy 1 was a retail and compounding pharmacy located in the Middle District of Florida, that provided compounded drugs to TRICARE

beneficiaries.

15.    Company 1 was a telemedicine call center with a principal place of business in Pennsylvania, which worked with a pre-established network of doctors who wrote and signed compounded drug prescriptions for TRICARE beneficiaries even though they did not have legitimate provider patient interactions with TRICARE beneficiaries.

16.    TRICARE was a health care program of the United States Department of Defense ("DOD") Military Health System that provided coverage for DOD beneficiaries worldwide, including active duty service members, retirees, their families, and survivors.   Individuals who received health care benefits through TRICARE were referred to as TRICARE beneficiaries.   TRICARE was a health care benefit program, as defined by 18 U.S.C. § 24(b), that affected commerce, as that term is used in 18 U.S.C. § 1347, and a Federal health care program, as defined by 42 U.S.C. § 1320a-7b(f), that affected commerce, as that term is used in 42 U.S.C. § 1320a-7b(b).

**B. The Conspiracy**

17.     Beginning in or about May 2014, and continuing through and including in or about August 2015, in the Middle District of Florida and elsewhere, the defendants,

> SCOTT BALOTIN,
> GREG CARTER,
> THOMAS JONES,
> JOHN CLARK WALTON,
> DAVID STEVENS,
> SAM TODD,
> DERWIN ALLEN, and
> PABLO ORTIZ,

did knowingly and willfully combine, conspire, confederate and agree with each other and with others, both known and unknown to the Grand Jury, to commit health care fraud, in violation of 18 U.S.C. § 1347.

**C.   Manner and Means of the Conspiracy**

18.     The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose and object of the conspiracy included, among others, the following:

a.     The conspirators would and did solicit TRICARE beneficiaries for their TRICARE information and would pay and cause to be paid kickbacks to recruiters and beneficiaries in exchange for that information.

b.      The conspirators would and did give and cause to be given

TRICARE beneficiaries' personal identifying information and pre-completed

prescriptions for compounded drugs for TRICARE beneficiaries to licensed

medical professionals, including Dr. Felmor Agatep and others, for them to

sign and submit either in person or electronically to BALOTIN, Park and

King Pharmacy, and other pharmacies, without having legitimate provider-

patient interactions.

c.      The conspirators would and did pay and cause to be paid

kickbacks to licensed medical professionals, including Dr. Felmor Agatep and

others, in exchange for the prescribers writing fraudulent prescriptions for

compounded drugs for TRICARE beneficiaries.

d.      The conspirators would and did use the CASEPARK- storefront

location in Jacksonville, Florida, where they and their co-conspirators would

work with individuals purporting to engage in "telemedicine" via Company 1,

to give and cause to be given TRICARE beneficiaries' personal identifying

information to be used to generate false and fraudulent prescriptions for

compounded drugs.

e.      The conspirators would and did give and cause to be given the

false and fraudulent prescriptions generated from the Company 1 call center to

co-conspirator pharmacies, to be filled and billed to TRICARE.

f.      Park and King Pharmacy, and other co-conspiring pharmacies, would and did submit and cause the submission of false and fraudulent reimbursement claims to TRICARE, based upon prescriptions for compounded drugs for TRICARE beneficiaries that were not legitimately prescribed.

g.      The conspirators would and did receive illegal healthcare kickbacks in the form of payments and commissions from Park and King Pharmacy and other co-conspirator pharmacies, based upon the amount TRICARE reimbursed on the false and fraudulent claims for compound drugs.

h.      The conspirators would and did maintain bank accounts that were used to receive, transfer, and disburse proceeds of the fraud scheme and to pay and receive kickbacks in furtherance of the fraud scheme.

i.      The conspirators would and did perform acts and make statements to hide and conceal and cause to be hidden and concealed, the purposes of, and the acts done in furtherance of, said conspiracy.

All in violation of 18 U.S.C. § 1349.

## COUNTS TWO THROUGH EIGHT
### (Solicitation or Receipt of Health Care Kickbacks)

### A. Introduction

1.  Paragraphs 1 through 16 and 18 of Count One of this Indictment
are realleged and incorporated by reference as though fully set forth herein.

### B. Offense

2.  On or about the dates set forth below, in the Middle District of
Florida and elsewhere, the defendants,

SCOTT BALOTIN,
THOMAS JONES,
JOHN CLARK WALTON,
DAVID STEVENS,
SAM TODD,
DERWIN ALLEN, and
PABLO ORTIZ,

did knowingly and willfully solicit and receive remuneration, that is, kickbacks
and bribes, directly and indirectly, overtly and covertly, in cash and in kind,
including by check, in return for referring an individual to a person for the
furnishing and arranging of any item or service for which payment may be
made in whole and in part, under a Federal health care program, specifically
remunerations in the approximate amounts listed below for the submission of
claims for compounded medication creams on behalf of TRICARE
beneficiaries to a pharmacy for the furnishing and arranging for the furnishing
of prescription compounded creams, for which payment may be made in

9

whole and in part by TRICARE, as set forth below:

| Count | Defendant | Approximate Date | Approximate Kickback Amount |
|-------|-----------|------------------|---------------------------|
| **TWO** | BALOTIN | January 2, 2015 | $430,680.20 from Park & King Pharmacy |
| **THREE** | TODD | January 2, 2015 | $73,967.04 from Park & King Pharmacy |
| **FOUR** | JONES | January 21, 2015 | $311,877.68 from Park & King Pharmacy |
| **FIVE** | ALLEN | January 21, 2015 | $11,047.32 from Park & King Pharmacy |
| **SIX** | ORTIZ | May 1, 2015 | $29,383.63 from Pharmacy 1 |
| **SEVEN** | WALTON | June 1, 2015 | $342,405.36 from Park & King Pharmacy |
| **EIGHT** | STEVENS | June 2, 2015 | $94,128.26 from Park & King Pharmacy |

In violation of 42 U.S.C. § 1320a-7b(b)(1)(A) and 18 U.S.C. § 2.

## COUNTS NINE THROUGH ELEVEN
### (Payment of Health Care Kickbacks)

### A. Introduction

1. Paragraphs 1 through 16 and 18 of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

### B. Offense

2. On or about the dates set forth below, in the Middle District of Florida and elsewhere, the defendants,

SCOTT BALOTIN,
GREG CARTER, and
THOMAS JONES,

did knowingly and willfully offer and pay remuneration (including kickbacks

and bribes), directly and indirectly, overtly and covertly, in cash and in kind,

including by check, to any person to induce such person to purchase and

order, and arrange for and recommend purchasing and ordering any good,

service, and item for which payment may be made in whole and in part under

a Federal health care program, specifically remuneration in the approximate

amounts listed below to arrange for the writing of prescriptions for

compounded creams for recruited patients, which prescriptions were filled at

Park and King Pharmacy and other co-conspirator pharmacies, and claims for

which were paid in whole or in part by TRICARE as set forth below:

| Count | Defendant | On or About Date | Monetary Transaction |
|-------|-----------|------------------|----------------------|
| NINE | JONES | February 2, 2015 | $5,00 payment to Earl Smalls via check number 169 drawn on Wells Fargo Account ending in 6179 |
| TEN | BALOTIN | February 16, 2015 | $3,091.15 payment to David Funes via check number 413 drawn on CasePark's SunTrust Account 7133 |

| Count | Defendant | On or About Date | Monetary Transaction |
|-------|-----------|------------------|----------------------|
| ELEVEN | CARTER | June 1, 2015 | $342,405.36 to WALTON via direct deposit from Park & King Pharmacy |

In violation of 42 U.S.C. § 1320a-7b(b)(2)(A) and 18 U.S.C. § 2.

## COUNTS TWELVE THROUGH EIGHTEEN
### (Illegal Monetary Transactions)

### A. Introduction

1.  Paragraphs 1 through 16 and 18 of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

### B. Offense

2.  On or about the dates set forth below, in the Middle District of Florida and elsewhere, the defendants,

SCOTT BALOTIN,
GREG CARTER,
THOMAS JONES,
JOHN CLARK WALTON,
DAVID STEVENS,
SAM TODD, and
PABLO ORTIZ,

did knowingly engage and attempt to engage, and aid and abet in the monetary transactions set forth below, in and affecting interstate commerce, in criminally derived property of a value greater than $10,000, which property having been derived from specified unlawful activity, namely conspiracy to commit health care fraud, health care fraud, and the receipt and offering of

12

health care kickbacks:

| Count | Defendant | On or About Date | Monetary Transaction |
|---|---|---|---|
| **TWELVE** | BALOTIN | January 6, 2015 | The withdrawal of $300,000 from Balotin's SunTrust Account ending in 3416 via electronic funds transfer, sent to: BNK: NATL FIN SVC LLC EFT RNQ531681 (Balotin's National Financial Services LLC - USAA Brokerage Account) |
| **THIRTEEN** | TODD | January 20, 2015 | The withdrawal of $15,000 via check number 1120 drawn on Todd's Medical Investor's Services Navy Federal Credit Union account ending in 8856 made payable to Tom Bush BMW |
| **FOURTEEN** | CARTER | January 28, 2015 | The withdrawal of $1,900,000 via check number 4462 from Park & King's Center State Bank Account ending in 4652, which was deposited into GSC Enterprises of Jacksonville LLC's Center State Bank account ending in 8317 |
| **FIFTEEN** | WALTON | April 30, 2015 | The withdrawal of $130,373.83 from Walton's Fifth Third Bank Account ending in 0872 to purchase a Fifth Third Bank Cashier's Check in the amount of $130,373.83 made payable to General RV for the purchase of a 2015 THOR Class A Motorhome |

| Count | Defendant | On or About Date | Monetary Transaction |
|---|---|---|---|
| **SIXTEEN** | ORTIZ | May 8, 2015 | Aid and abet the withdrawal of $12,330 via check number 219 drawn on A.K.'s VyStar Credit Union Account ending in 7480 made payable to Dream Finders Title |
| **SEVENTEEN** | JONES | June 1, 2015 | The withdrawal of $75,000.00 from Jones' Wlls Fargo Account ending in 6179 to purchase Wlls Fargo Cashier's check Number 6607300774 made payable to Claude Nolan Cadillac in the amount of $75,000.00 for the purchase of a 2015 Cadillac Escalade |
| **EIGHTEEN** | STEVENS | June 2, 2015 | The online transfer of funds in the amount of $94,128.26 from Stevens' Wells Fargo Account ending in 5972 to Stevens' Wells Fargo Bank account ending in 0257 |

In violation of 18 U.S.C. §§ 1957 and 2.

## FORFEITURE

1.    The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(7).

2.    Upon conviction of a conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1347, in violation of 18 U.S.C. § 1349, the defendants,

SCOTT BALOTIN,
GREG CARTER,
THOMAS JONES,
JOHN CLARK WALTON,
DAVID STEVENS,
SAM TODD,
DERWIN ALLEN, and
PABLO ORTIZ,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense; and pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

3.    The allegations contained in Counts Two through Eight are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 982(a)(7).

4.    Upon conviction of a violation of 42 U.S.C. § 1320a-7b(b)(1)(A), as alleged in Counts Two through Eight, the defendants,

SCOTT BALOTIN,
THOMAS JONES,
JOHN CLARK WALTON,
DAVID STEVENS,
SAM TODD,
DERWIN ALLEN, and
PABLO ORTIZ,

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

5.    The allegations contained in Counts Nine through Eleven are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 982(a)(7).

6.    Upon conviction of a violation of 42 U.S.C. § 1320a-7b(b)(2)(A), as alleged in Counts Nine through Eleven, the defendants,

SCOTT BALOTIN,
GREG CARTER, and
THOMAS JONES,

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

16

7.    The allegations contained in Counts Twelve through Eighteen are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 982(a)(1).

8.    Upon conviction of a violation of 18 U.S.C. § 1957, as alleged in Counts Twelve through Eighteen, the defendants,

SCOTT BALOTIN,
GREG CARTER,
THOMAS JONES,
JOHN CLARK WALTON,
DAVID STEVENS,
SAM TODD, and
PABLO ORTIZ,

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property.

9.    The property to be forfeited includes, but is not limited to, the following:

a.    The sum of at least $2,527,373.37 in proceeds defendant BALOTIN obtained as a result of the commission of the offenses charged in Counts One, Two, Ten and Twelve;

b.    The sum of at least $29,872,634.38 in proceeds defendant CARTER obtained as a result of the commission of the offenses charged in Counts One, Eleven and Fourteen;

c.    The sum of at least $1,389,840.27 in proceeds defendant JONES obtained as a result of the

commission of the offenses charged in Counts One, Four, Nine and Seventeen;

d.    The sum of at least $2,341,771.86 in proceeds defendant WALTON obtained as a result of the commission of the offenses charged in Counts One, Seven and Fifteen;

e.    The sum of at least $237,134.85 in proceeds defendant STEVENS obtained as a result of the commission of the offenses charged in Counts One, Eight and Eighteen;

f.    The sum of at least $430,648.85 in proceeds defendant TODD obtained as a result of the commission of the offenses charged in Counts One, Three and Thirteen;

g.    The sum of at least $41,835.95 in proceeds defendant ALLEN obtained as a result of the commission of the offenses charged in Counts One and Five;

h.    The sum of at least $119,768.33 in proceeds defendant ORTIZ obtained as a Result of the commission of the offenses charged in Counts One, Six and Sixteen;

i.    a 2015 Cadillac Escalade, VIN 1GYS3PKJXFR681975;

j.    a 2015 Ford Thor Motor Coach, Outlaw Series M-38RE, VIN 1F66F5DY9F0A02024;

k.    $175,898.98 seized from Center State Bank Small Business Checking Account Number XXX4652, titled to Carter's Park & King Pharmacy;

l.    $2,816,889.56 seized from Center State Bank Business Savings Account Number XXX2973, held in the name of Park & King Pharmacy;

18

m.    Cashier's Check No. 27445 in the amount of $3,000,000.00, seized from Credit State Bank;

n.    Cashier's Check No. 27446 in the amount of $293,501.84 seized from Credit State Bank;

o.    Real Property located at 3691 S. Cathedral Oaks Place, Jacksonville, Duval County, Florida 32217, including all improvements thereon and appurtenances thereto, described as:

Lot 18, CATHEDRAL OAKS, according to the plat thereof recorded in Plat Book 33, Page 95, of the current public records of Duval County, Florida

Parcel No. 151700-0190; and

p.    Real Property located at 2053 Salt Myrtle Lane, Fleming Island, Clay County, Florida 32003, including all improvements thereon and appurtenances thereto, more particularly described as:

Lot 15, Pace Island Unit Eight, according to the map or plat thereof, as recorded in Plat Book 23,Page(s) 39 through 42, of the Public Records of Clay County, Florida

Parcel No. 20-04-26-013153-004-52.

10.    If any of the property described above, as a result of any act or omission of the defendants:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and as incorporated by 18 U.S.C. § 982(b)(1).

A True Bill,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
JULIE HACKENBERRY
Assistant United States Attorney

By: _____
AMANDA L. RIEDEL
Assistant United States Attorney
Deputy Chief, Criminal Division

FORM OBD-34
10/29/19 Revised

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Jacksonville Division

## THE UNITED STATES OF AMERICA

vs.

SCOTT BALOTIN,
GREG CARTER,
THOMAS JONES,
JOHN CLARK WALTON,
DAVID STEVENS,
SAM TODD,
DERWIN ALLEN, and
PABLO ORTIZ

## INDICTMENT

Violations:  18 U.S.C. § 1349
42 U.S.C. § 1320a-7b(b)(1)(A)
42 U.S.C. § 1320a-7b(b)(2)(A)
18 U.S.C. § 1957

A true bill,

_____
Foreperson

Filed in open court this 30th day

of October, 2019.

_Megan D. Chaddock_
Clerk

Bail    $_____

GPO 863 525