**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                                          CASE NO. 3:19-cr-191-MMH-JBT

THOMAS JONES

_____

**O R D E R**

**THIS CAUSE** is before the Court on Defendant Thomas Jones' Motion for New Trial (Doc. 581; Motion), filed on December 30, 2021. Following a four-week jury trial, on October 18, 2021, the jury returned a verdict finding Defendant Thomas Jones guilty as to Counts One and Seventeen of the Indictment (Doc. 1; Indictment). See Verdict as to Thomas Jones (Doc. 524; Verdict). Specifically, the jury found Jones guilty of conspiring to commit health care fraud, in violation of 18 U.S.C. § 1349, and with engaging in an illegal monetary transaction, on or about June 1, 2015, in violation of 18 U.S.C. § 1957 and 18 U.S.C. § 2. See id.; see also Indictment. In the Motion, Jones requests that the Court grant him a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure (Rule(s)). See Motion at 1. On February 28, 2022, the Government filed a response in opposition to the Motion. See Government's Response to Defendant Thomas Jones' Motion for New Trial (Doc. 619; Response). Accordingly, this matter is ripe for review.

## I. Legal Standard

Rule 33(a) provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."[1] The "interest of justice" standard is broad, and the trial court is vested with substantial discretion in determining whether to grant the motion. See United States v. Vicaria, 12 F.3d 195, 198 (11th Cir. 1994); United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985). The court considers "whether the verdict must be set aside 'in the interest of justice.'" United States v. Green, 275 F. App'x 898, 899 (11th Cir. 2008) (internal quotations omitted); see also Vicaria, 12 F.3d at 198; United States v. Hall, 854 F.2d 1269, 1271 (11th Cir. 1988) (concluding that the trial "court has very broad discretion in deciding whether there has been a miscarriage of justice"); Martinez, 763 F.2d at 1312.

## II. Summary of the Arguments

In the Motion, Jones argues that "[t]he Court's refusal to grant Mr. Jones' Special Jury Instruction(s) on Healthcare Fraud is error." Motion at 2. Jones contends that the Court erred by giving the Eleventh Circuit Court of Appeals' pattern instructions for health care fraud instead of adopting Jones' proposed modified instruction that he asserts incorporated the Eleventh

---

[1] As the Eleventh Circuit recognized, there are two grounds for granting a new trial under Rule 33: "interest of justice" and newly discovered evidence. See United States v. Hall, 854 F.2d 1269, 1270 (11th Cir. 1988). In this case, the only ground implicated in the Motion is the "interest of justice." See generally Motion.

- 2 -

Circuit's holding in United States v. Medina, 485 F.3d 1291 (11th Cir. 2007). Id. Specifically, at trial, Jones requested that the health care fraud instruction include the language, "and the Defendant knew the claims, (bills to TRICARE), identified in the Indictment were, in fact, false or fraudulent." Id. at 4. According to Jones, this language

> is more clear, addresses the critical Statutory requirement omitted from the Pattern Instruction requiring Mr. Jones' actual knowledge that the claims submitted were, in fact, false, and accordingly dealt with an issue so important that the District Court's failure to give the instruction sought seriously impaired the core of not only the Government's case but the entirety of Mr. Jones' defense as well.

Id. (citing Medina, 485 F.3d at 1297; United States v. Leon, 569 F. App'x 823, 825 (11th Cir. 2014); United States v. Willner, 795 F.3d 1297, 1300 (11th Cir. 2015)).

Additionally, Jones asserts that "Count One impermissibly charged and the evidence admitted, over defense objections, at Trial, clearly showed multiple distinct conspiracies, rendering the whole proceeding duplicitous." Id. at 4-5. In support, Jones discusses purported flaws in the Indictment and asserts that the evidence showed separate conspiracies with similar purposes and "created a significant risk of prejudicial evidentiary rulings where evidence relevant to only one conspiracy is admitted as to the other." Id. at 5-7. Jones contends that together, these purported legal errors "deprived [him] of a fair Trial. It is

therefore in the interest of justice to vacate Mr. Jones' conviction and order of [sic] a new Trial." Id. at 2.

In response, the Government argues that Jones has failed to demonstrate or even allege how the purported errors he complains of "resulted in a miscarriage of justice or the deprivation of his substantial rights." Response at 2. The Government also asserts that Jones has failed to provide any authority which address his claims of error and the Court should therefore deny his Motion. Id. at 3.

## III. Discussion

In considering a motion for a new trial on the grounds of an erroneous jury instruction, the instruction must be examined to determine whether it "adequately [presents] the issues and the law to jurors." United States v. Hewes, 729 F.2d 1302, 1316 (11th Cir. 1984).

> Generally, district courts "have broad discretion in formulating jury instructions provided that the charge as a whole accurately reflects the law and the facts," and [the Eleventh Circuit] will not reverse a conviction on the basis of a jury charge unless "the issues of law were presented inaccurately, or the charge improperly guided the jury in such a substantial way as to violate due process."

United States v. Prather, 205 F.3d 1265, 1270 (11th Cir. 2000) (citing United States v. Arias, 984 F.2d 1139, 1143 (11th Cir. 1993)). "[An erroneous jury] charge entitles a defendant to a new trial on the count in question only 'when a reasonable likelihood exists that the jury applied the instruction in an improper

- 4 -

manner.'" United States v. Leonard, 138 F.3d 906, 910 (11th Cir. 1998) (quoting United States v. Quinn, 123 F.3d 1415 (11th Cir. 1997)).

Jones contends that the Court should have instructed the jury that "[w]hat must be proved beyond a reasonable doubt is that . . . the Defendant knew the claims, (bills to TRICARE) identified in the Indictment were, in fact, false or fraudulent." See Defendant Thomas Jones' Proposed Special Jury Instruction (Doc. 387). Jones primarily relies on the Eleventh Circuit's decision in Medina, in which the court concluded in the context of a sufficiency of the evidence challenge on appeal, that to be convicted of a substantive health care fraud violation under 18 U.S.C. § 1347, "the defendant must be shown to have known that the claims submitted were, in fact, false." See 485 F.3d at 1297. Neither Jones nor any of his codefendants were charged with substantive violations of health care fraud under § 1347. See generally Indictment. Instead, in Count One, Jones was charged with, and the jury ultimately convicted Jones of, conspiring to commit health care fraud in violation of 18 U.S.C. § 1349. "A conviction for conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349 requires proof beyond a reasonable doubt '(1) that a conspiracy existed; (2) that the defendant knew of it; and (3) that the defendant, with knowledge, voluntarily joined it.'" United States v. Crabtree, 878 F.3d 1274, 1285 (11th Cir. 2018) (citing United States v. Vernon, 723 F.3d 1234, 1273 (11th Cir. 2013)). "The government need only prove that the defendant knew of the 'essential

nature' of the conspiracy, and '[the Eleventh Circuit] will affirm a conspiracy conviction when the circumstances surrounding a person's presence at the scene of conspiratorial activity are so obvious that knowledge of its character can fairly be attributed to him.'" Id. (quoting Vernon, 723 F.3d at 1273); see also United States v. Tombrello, 666 F.2d 485, 489 (11th Cir. 1982) ("The illegal conspiracy is complete regardless of whether the crime agreed upon is actually consummated." (citation omitted)). Jones does not contend that the Court's instructions regarding conspiracy to commit health care fraud, the crime with which he was charged and convicted, were erroneous. Indeed, in Willner, cited by Jones, one of the defendants was similarly charged with conspiring to commit health care fraud in violation of § 1349 and the Eleventh Circuit found that

> the district court, following the Eleventh Circuit's pattern instructions, correctly charged the jury that the Government had to prove beyond a reasonable doubt that (1) Dr. Abreu actually knew the unlawful purpose of the conspiracy, and (2) willfully joined the conspiracy. And, the district court instructed the jury that simply performing tasks that unwittingly advance the purpose of a conspiracy does not make one a coconspirator.

795 F.3d at 1306. With regard to the elements of a conspiracy charge, the Court similarly instructed the jury here. Notably, the Court also instructed the jury on the substantive offense of health care fraud "to assist [the jury] in determining whether there was an agreement or understanding to commit" that offense. Court's Final Jury Instructions (Doc. 521) at 17. As such, it is unclear how the Court's refusal modify the Eleventh Circuit's pattern instruction could

- 6 -

have "deprived Mr. Jones of a fair [t]rial," Motion at 2, where the requested language was not germane to the offense charged in the Indictment or the offense of which Jones was ultimately convicted.

Moreover, Jones has not demonstrated that the Court's instruction regarding the substantive offense of health care fraud was legally erroneous or inaccurate. In Medina, the district court's jury instruction regarding the substantive offense of health care fraud did not state that "the defendant must be shown to have known that the claims submitted were, in fact, false." See United States v. Medina, Case No. 1:05-cr-20144-PCH, Doc. 170 (June 13, 2005). Instead, the instruction largely resembled the Eleventh Circuit's pattern instruction[2] and that provided by the Court in the instant case. While the court found the evidence presented at trial was insufficient to support the conviction of certain of the defendants on the substantive charge of health care fraud and conspiracy to commit health care fraud, it did not suggest that the instruction given by the court as to either offense was inadequate or incorrect. Medina, 485 F.3d at 1299. Accordingly, it provides no support for Jones' argument here. Jones' citation to Leon is equally unavailing. Jones quotes what the Leon court said must be proven to convict a defendant of a conspiracy charge as well as

---

[2] The Court recognizes that pattern jury instructions "[a]lthough generally considered a valuable resource, reflecting the collective research of a panel of distinguished judges, they are not binding; Eleventh Circuit case law takes precedence." United States v. Dohan, 508 F.3d 989, 994 (11th Cir. 2007) (citations and quotations omitted).

- 7 -

what must be proven to convict a defendant of a substantive charge of health care fraud. Motion at 3 (citing <u>Leon</u>, 569 F. App'x at 824-25). However, he fails to suggest how that discussion supports a finding that this Court's instruction was in error. Motion at 3-4. Notably, while the defendant in <u>Leon</u> was charged with the substantive offense of health care fraud as well as conspiracy, the district court's instructions there also did not contain the language Jones requested here. <u>See</u> <u>United States v. Leon</u>, Case No. 1:12-cr-20219-WJZ, Doc. 67 (Sept. 21, 2012).[3] Thus, it is unclear why Jones relies on it.

Jones cites two sentences of the Court's three-and-a-half-page jury instruction on the substantive offense of health care fraud to argue that the failure to include the language from his requested instruction was legal error and resulted in an instruction that does not adequately reflect that substantive health care fraud "requires knowledge" that the defendant's actions were false or fraudulent. <u>See</u> Motion at 4 ("The pattern instruction given merely states 'it is a Federal Crime to <u>knowingly</u> and willfully execute, or attempt to execute, a scheme or artifice to defraud a Healthcare Benefit Program . . . *** "A 'scheme to defraud' includes any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses . . .'")

---

[3] The Court also notes that in <u>Leon</u>, the defendant challenged the denial of his motion for judgment of acquittal on appeal, and thus, the Eleventh Circuit did not specifically evaluate the jury instructions or provide any relevant guidance with respect to Jones' argument here. 569 F. App'x at 824. Regardless, his appeal was unsuccessful.

- 8 -

(emphasis supplied). Confusingly, the very language cited by Jones states that the defendant must act "knowingly." Further, he makes no attempt to explain why the <u>entirety</u> of the Court's instruction on health care fraud to the jury does not accurately state the law. Indeed, the Court additionally instructed the jury, in relevant part, that:

> A Defendant commits the substantive offense of health care fraud only if all the following facts are proved beyond a reasonable doubt:
>
> (1) the Defendant <u>knowingly</u> executed, or attempted to execute, a scheme or artifice to defraud a health-care benefit program by using false or fraudulent pretenses, representations, or promises;
>
> (2) the health care benefit program affected interstate commerce;
>
> (3) the false or fraudulent pretenses, representations, or promises related to a material fact;
>
> (4) the Defendant acted willfully and intended to defraud; and
>
> (5) the Defendant did so in connection with the delivery of or payment for health-care benefits, items, or services.

Court's Final Jury Instructions at 17-18 (emphasis supplied). Jones fails to articulate how the Court's instruction does not accurately describe the required elements of health care fraud under § 1347, a crime with which Jones was charged with conspiring to commit but not charged with committing, such that it constituted any error, let alone an error substantial enough to warrant granting him a new trial.

- 9 -

The Court next turns to Jones' argument that Count One of the Indictment is duplicitous because it charges multiple conspiracies. As Jones points out in the Motion, his co-defendant, Scott Balotin, raised this same argument in his motion to dismiss. See Defendant Scott Balotin's Motion to Dismiss Count One (Doc. 329) ("Defendant Scott Balotin, by and through undersigned counsel, and pursuant to Federal Rule of Criminal Procedure 48(b), moves to dismiss the Count One of the Indictment because it impermissibly alleges multiple conspiracies and is therefore duplicitous."). In ruling on the motion to dismiss, the Court found that Count One of the Indictment pled a single conspiracy. See Order (Doc. 340) at 6-11 ("Upon consideration of the Indictment, the arguments presented, and the applicable authority, the Court concludes that Count I of the Indictment sufficiently pleads a single conspiracy among all Defendants."). The Court declines to reconsider its ruling here.[4]

---

[4] Moreover, a defendant waives this argument when he "failed to challenge the indictment on these grounds pre-trial." United States v. Seher, 562 F.3d 1344, 1359 (11th Cir. 2009).

> Generally, a defendant must object before trial to defects in an indictment, and the failure to do so waives any alleged defects. The only exception to this waiver rule is for claims that the indictment "fails to invoke the court's jurisdiction or to state an offense," which may be made at any time during the proceedings. Our sister circuits generally have held that this exception does not apply to claims that an indictment was duplicitous, and we see no reason to depart from this conclusion since a duplicity objection does not implicate jurisdictional issues and does not assert that the indictment fails to state an offense.

Id. at 1359. However, because the Government did not raise the waiver argument in its Response, the Court will not make the argument on its behalf. Id. at 1360 ("Since it is not 'incumbent upon us to make a waiver argument which the government was willing to forego,' we choose not to do so here." (quoting Ochran v. United States, 117 F.3d 495, 503 (11th Cir. 1997)). Regardless, the Court has already decided the issue.

Jones' remaining argument is that the evidence produced at trial "impermissibly illustrated multiple conspiracies." See Motion at 7. The Eleventh Circuit has made clear that where "a single conspiracy is charged in the indictment while multiple conspiracies may have been revealed at trial," it will not reverse a conviction "unless the variance is [1] material and [2] substantially prejudiced the defendant[ ]." United States v. Edouard, 485 F.3d 1324, 1347 (11th Cir. 2007) (quoting United States v. Alred, 144 F.3d 1405, 1414 (11th Cir. 1998)).

With regard to whether there was a material variance, "even if the evidence arguably establishes multiple conspiracies, there is no material variance from an indictment charging a single conspiracy if a reasonable trier of fact could have found beyond a reasonable doubt the existence of the single conspiracy charged in the indictment." United States v. Caporale, 806 F.2d 1487, 1499-1500 (11th Cir. 1986) (citations omitted). Courts in the Eleventh Circuit have considered three factors in determining whether "a reasonable trier of fact could have found a single conspiracy . . . 1) whether a common goal existed, 2) the nature of the scheme, and 3) [the] overlap of participants." Id. at 1500.

As to whether he was substantially prejudiced by any purported variance, Jones would have to show

> 1) that the proof at trial differed so greatly from the charges that [each] appellant was unfairly surprised and was unable to prepare an adequate defense; <u>or</u> 2) that there are so many defendants and separate conspiracies before the jury that there is a substantial likelihood that the jury transferred proof of one conspiracy to a defendant involved in another.

<u>Alred</u>, 144 F.3d at 1415 (quoting <u>United States v. Calderon</u>, 127 F.3d 1314, 1328 (11th Cir. 1997)).

Jones has not shown that there was a material variance from the conspiracy alleged. He does not engage in any case specific discussion regarding the evidence presented at trial, the nature of the scheme, or the overlap of participants, and concedes that the purported multiple conspiracies had "similar purposes." <u>See</u> Motion at 6. Even assuming the evidence at trial constituted a material variance from the single conspiracy alleged in the Indictment, Jones certainly does not present a basis for concluding that he suffered prejudice, much less substantial prejudice. <u>See generally</u> Motion. Jones merely states, in the context of his duplicity argument, that, "[t]here is real danger that Mr. Jones was convicted of Count One if a portion of the Jurors credit only the trial evidence related to Conduct at Park and King, while the remaining Jurors credit only the trial evidence that came after." Motion at 7. He also contends that the admission of such evidence "created a significant risk of prejudicial evidentiary rulings" but does not identify any particular ruling or prejudicial piece of evidence in support of his argument. <u>See</u> <u>id.</u> at 5-7. Jones

has not shown that there were "so many defendants and separate conspiracies before the jury that there is a substantial likelihood that the jury transferred proof of one conspiracy to a defendant involved in another." See Alred, 144 F.3d at 1415. Notably, the Eleventh Circuit has found that "not only is a case involving eleven defendants and two possible conspiracies not so complex by definition that the jury will be unable to segregate the evidence properly, but the fact that the jury acquitted three of the eleven defendants on trial is evidence that the jury was indeed able to sift the evidence as to each defendant individually." Caporale, 806 F.2d at 1501 (citing United States v. Rodriguez, 765 F.2d 1546, 1553 (11th Cir. 1985)). Here, Jones does not attempt to quantify the number of different conspiracies he asserts the Government presented evidence of, and there were only three other defendants at trial. And, importantly, two of those defendants were acquitted of the conspiracy charge that Jones and his codefendant were convicted of, which shows that the jury was able to evaluate the evidence as it pertained to each defendant individually.

Additionally, Jones does not argue, nor can he claim, that he was unfairly surprised by any purported variance such that it rendered him unable to prepare a defense. Any variance "did not alter the crime charged, the requisite elements of proof or the appropriate defenses in a significant manner" such that Jones can demonstrate he was substantially prejudiced. Id. at 1500 (citing United States v. John, 587 F.2d 683 (5th Cir.) cert. denied, 441 U.S. 925 (1979)).

Further, Jones ignores that the Court specifically instructed the jury of the need to determine whether any defendant was a member of the specific conspiracy charged in the Indictment.

> [W]ith regard to the alleged conspiracy offense, that proof of several separate conspiracies is not proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies proved is the single overall conspiracy.
>
> You must decide whether the single overall conspiracy charged existed between two or more conspirators. If not, then you must find the Defendants not guilty of that charge.
>
> But if you decide that a single overall conspiracy did exist, then you must decide who the conspirators were. And if you decide that a particular Defendant was a member of some other conspiracy – not the one charged – then you must find that Defendant not guilty.
>
> So to find a Defendant guilty, you must all agree that the Defendant was a member of the conspiracy charged – not a member of some other separate conspiracy.

Court's Final Jury Instructions at 21. Jones fails to acknowledge this instruction in his Motion or attempt to provide any basis for the Court to conclude that the instructions given, as a whole, were insufficient in explaining to the jury that Jones should be acquitted if the evidence failed to establish the existence of the single conspiracy charged in the Indictment. In light of the foregoing, the Court finds that Jones has failed to show any legal error much less "several legal errors that deprived [him] of a fair Trial." See Motion at 2.

Accordingly, it is

**ORDERED**:

Defendant Thomas Jones' Motion for New Trial (Doc. 581) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida on September 13, 2022.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc28

Copies to:
Counsel of Record